**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Ayowumi Iretemi ex rel. Bobbi Jo Helgeson et al., | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:26-cv-267 |
| United States of America; et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 18, 2026, Ayowumi Iretemi ("Iretemi") initiated the above-captioned action *pro se* and ex rel. or on behalf of Bobbi Jo Helgeson, the Chahta Okla Nanih Foka Homma Trust, and unnamed others again the United States, the State of North Dakota, the Wells Fargo & Company, and others with the submission of an application to proceed *in forma pauperis* ("IFP") and what the undersigned construed as a proposed complaint. (Doc. Nos. 1 and 1-1).

As it appeared Iretemi was attempting to proceed on behalf of others and is not an attorney licensed to practice law in the District of North Dakota, the undersigned issued a report on August 21, 2026, recommending that the Court deny Iretemis' application to proceed IFP and dismiss the above-captioned action without prejudice. (Doc. No. 2). On August 31, 2026, Iretemi filed an objection to the undersigned's report and recommendation in which she clarified that she is not trying to proceed on behalf of others, that she is Bobbi Jo Helgeson, and that Iretemi is her religious and Tribal name. (Doc. No. 4). Based on this additional information, the undersigned issued an order on September 4, 2026, granting Iretemi's application to proceed IFP, directing the Clerk's office to file Iretemi's complaint, and deeming the report and recommendation moot. (Doc. No. 5). That same day the Clerk's office mailed a copy of the report and recommendation to an address in

Norman, Oklahoma, provided by Iretemi. It also filed the complaint but refrained from serving it pending further instruction from the Court.

On September 9, 2026, the Clerks office noted the following on the docket: "Iretemi refused service and returned [the undersigned's report and recommendation] to the Clerk's Office unopened." (Doc. No. 7). On September 29, 2026, Iretemi filed a document captioned:

First Amended Petition and Complaint
Amendment to Party Status, Caption, and Disclosure of Interested Persons and Entities
Notice of Filing

(Doc. No. 8). Therein she rearticulated that she is proceeding solely on her own behalf against the United States and unnamed others. (Id.). Next, she "removed the Secretary of the Treasury, Chahta Okla Nanih Foka Homma Trust, and every other person or entity previously identified as a Petitioner from the Petitioner designation." (Id.). Finally, she incorporated by reference claims she made in her original petition and listed persons and entities that she believes may claim to have an interest the subject property. (Id.).

The document filed by Iretemi on September 9, 2026, was clearly intended to be an amended complaint given its caption. In her amended complaint, Iretemi impermissibly attempts to incorporate by reference all of the claims (and presumably the basis for this court's exercise of jurisdiction) that she asserted in her original complaint. See Wilson v. City of Clayton, No. 4:24CV1457 HEA, 2025 WL 1797443, at *2 (E.D. Mo. June 26, 2025) (opining that "any claims that are not reasserted in an amended complaint are ordinarily deemed abandoned').

"If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 35, 145 S. Ct. 41, 52, 220 L. Ed. 2d 289 (2025) (quoting 6 C. Wright, A. Miller, & M.

Kane, Federal Practice and Procedure § 1476, pp. 636–637 (3d ed. 2010)). Consequently, "an amended complaint may not incorporate by reference the allegations and claims from a prior complaint because an amended complaint completely replaces all prior complaints." Wilson, No. 4:24CV1457 HEA, 2025 WL 1797443, at *2; see also Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

The court appreciates that Iretemi is proceeding *pro se.* Consequently, the court shall afford Iretemi an opportunity file a second amended complaint that asserts all of the claims. Accordingly, Iretemi shall have until October 23, 2026, to file a second amended complaint. Her second amended complaint must include all of the claims and factual allegation she wishes to assert. She may not incorporate by reference the allegations and claims in the original and first amended complaints because the second amended complaint will completely replace the prior complaints. See In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d at 928. Any claims for the prior complaints that are not included in the second amended complaint will be deemed abandoned and will not be considered.

**IT IS SO ORDERED.**

Dated this 2nd day of October, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court